UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL UPSHAR,<br><br>      Plaintiff,<br><br>    v.<br><br>MONMOUTH COUNTY SHERIFF'S CORRECTIONS,<br><br>      Defendant. | Case No. 25–cv–04047–ESK–MJS<br><br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on *pro se* plaintiff Michael Upshar's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

    **I.    FACTS AND PROCEDURAL HISTORY**

    In his Complaint, plaintiff alleges that an officer from the Monmouth County Sheriff's Office kept him from bringing his "legal litigation" to court. (ECF No. 1 p. 4.) He states that he initially refused to go to court but the state court judge ordered that plaintiff be brought to court. (*Id.*)

    **II.    LEGAL STANDARD**

    The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

**III. DISCUSSION**

It is not clear what kind of claim plaintiff is attempting to bring in his Complaint. He repeats several times that officers prevented him from bringing his "legal litigation" to court but does not explain what that means. If plaintiff is referring to being unable to consult with his attorney, he must provide more information in order to state a claim pursuant to § 1983. "With respect to restrictions on attorney contact with clients, the Supreme Court has held that inmates must have a reasonable opportunity to seek and receive the assistance of attorneys and that prison regulations and practices that

unjustifiably obstruct the availability of professional representation are invalid." *Ortiz v. City of Philadelphia*, No. 21–cv–03100, 2022 WL 1443425, at *6 (E.D. Pa. May 6, 2022) (cleaned up). "Thus, where an institutional restriction impedes a pretrial detainee's access to criminal counsel, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security. A prison regulation restricting a pretrial detainee's contact with his attorney is unconstitutional where it unreasonably burdens the inmate's opportunity to consult with his attorney and to prepare his defense." *Id.* (cleaned up). Plaintiff has not provided enough information about the circumstances surrounding his requests to consult an attorney, assuming that is in fact what he is alleging. Therefore, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

### IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed

amended complaint within 45 days.  An appropriate Order accompanies this Opinion.

                                                 */s/ Edward S. Kiel*
                                               **EDWARD S. KIEL**
                                               UNITED STATES DISTRICT JUDGE

Dated: September 29, 2025